**IN UNITED STATES DISTRI**
**FOR THE DISTRICT OF**
***

Case: 2:22-cv-00140
Assigned To : Romero, Cecilia M.
Assign. Date : 2/25/2022
Description: Silver v Fairbank et al

FREDERICK O. SILVER.
    Plaintiff,
vs.

RICHARD FAIRBANK: CEO / PRESIDENT
CAPITAL ONE FINANCIAL CORPORATION
    Defendants.

CASE NO:

CIVIL COMPLAINT WITH CLAIMS FOR MONETARY DAMAGES.

**JURY TRIAL DEMANDED.**

## COMPLAINT WITH CLAIMS.

FREDERICK O. SILVER (hereinafter "Plaintiff"), by way of Complaint brings this Civil action, for Actual and Statutory Damages seeking Monetary Relief against Defendants Richard Fairbank: CEO / President, Capital One Financial Corporation for Violations of the Law, but not limited to The Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq, as well as for relief for Defamation of Character. (the "FCRA") and other Claims related to unlawful credit reporting practices. The FCRA prohibits furnishers of credit information from falsely and inaccurately reporting consumers' credit information to credit reporting agencies.

Plaintiff hereby alleges upon personal knowledge and belief as to his own acts, and upon information and belief based on investigation by Plaintiff as to all other matters, as to which allegations Plaintiff believe substantial evidentiary support exists or will exist after a reasonable opportunity for further investigation and discovery of evidence, as follows:

## THE PARTIES.

1. FREDERICK O. SILVER, hereinafter "Plaintiff" is an adult Natural Person, a Domicile of San Antonio, in the Great State of Texas 78227. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) of the FCRA.

2. Richard Fairbank hereinafter "Defendants" always relevant hereto, is the Chairman and

Chief Executive Officer, Capital One Financial Corporation that furnishes consumer credit information to the three (3) main consumer reporting agencies, It can be served with process of service by serving Registered Agent: CORPORATION SERVICE COMPANY, Registered Agent Address: 15 WEST SOUTH TEMPLE, SUITE 600, Salt Lake City, UT 84101.

3. Capital One Financial Corporation, hereinafter "Defendants" always relevant hereto, is a corporation business entity organized and existing under the laws of Utah that furnishes consumer credit information to consumer reporting agencies. It can be served with process of service by serving Registered Agent: CORPORATION SERVICE COMPANY, Registered Agent Address: 15 WEST SOUTH TEMPLE, SUITE 600, Salt Lake City, UT 84101.

4. At all relevant times, Defendant acted through its duly Authorized Agents, President, Vice President, Employees, Officers, Members, Directors, Heirs, Successors, Assigns, Secretary, Principals, Trustees, Sureties, Subrogates, Representatives, and Insurers.

## JURISDICTION AND VENUE.

5. Jurisdiction of this Court arise under 15 U.S. Code § 1681p, and 28 U.S. Code § 1337

6. This Court has Jurisdiction over the Lawsuit because this Suit involves Federal Question Jurisdiction pursuant to Section 28 U.S. Code § 1331.

7. Venue is Proper in The United States District Court for the District of Utah pursuant to 28 U.S. Code § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred here, defendants Transacts and Conducts its Business in this Judicial District. Personal Jurisdiction over defendants is Established.

## FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. § 1681 et seq.

8. This Civil Action is brought under The Fair Credit Reporting Act, 15 U.S.C. § 1681, is U.S. Federal Government legislation enacted to promote the accuracy, fairness, and privacy of consumer information contained in the files of consumer reporting agencies.

**STATEMENTS OF FACTS OR FACTUAL BACKGROUND.**

9. Plaintiff has been denied credit serval times, Plaintiff decided to open an Experian credit monitoring account. Plaintiff noticed that his credit reports showed that he opened an Account number 517805XXXXXX with defendants was said to have written off and/or open accounts with Defendants.

10. Plaintiff alleged Account number 517805XXXXXX with Defendants was said to have been opened Jul 18, 2012.

11. Plaintiff has sent a full payment on the account to defendant and the payment was not updated on the account.

12. Accordingly, on or about December 2020, Plaintiff disputed the accuracy of the trade lines of Defendants directly with Defendants. Plaintiff disputed the accuracy of the trade lines of Defendant Capital One Financial Corporation with Trans Union, Experian and Equifax. Trans Union, Experian, and Equifax each acknowledged receipt of Plaintiff's dispute.

13. In response to Plaintiff's dispute to them, Defendants, did not correct the inaccuracies within the trade lines of Defendants, and instead notified Plaintiff that these accounts had been "verified."

14. As of the date of the filing of this Complaint, Defendants and the credit reporting agencies continues to report the trade line of Defendants inaccurately, and neither has marked this trade line as "disputed."

15. As a result of Defendant's continued inaccurate credit reporting, Plaintiff's credit score has dropped substantially, thereby causing the Plaintiff to be declined for various Bank line of credit or loans from several lenders.

16. As a result of Defendant's continued inaccurate credit reporting, Plaintiff's credit score has dropped substantially, thereby causing the Plaintiff to refrain from applying for additional credit.

17. The Defendants acted with actual malice in willfully continuing to report inaccurate and misleading information on Plaintiff's credit, knowing full well that other creditors were

accessing the Plaintiff's credit report, all to the Plaintiff's detriment and loss

18. Aside from the inaccurate and misleading information reported pertaining to the alleged account starting in 517805XXXXXXof Defendant Capital One Financial Corporation, Plaintiff has an excellent credit history.

19. As a result of Defendant conduct, Plaintiff has suffered actual damages and serious financial harm arising from monetary losses relating to credit denials, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and finance charges, out-of-pocket expenses including but not limited to, local or long telephone calls, postage, faxing and other related costs, all which will continue into the future to Plaintiff's great detriment and loss.

20. As a result of Defendant conduct, Plaintiff has suffered great physical, emotional, and mental pain and anguish, and Plaintiff will continue to suffer the same for an indefinite time into the future, all to Plaintiff's great detriment and loss.

21. As a result of Defendant conduct, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the injury to credit rating and reputation, and Plaintiff will continue to suffer the same for an indefinite time into the future, all to Plaintiff's great detriment and loss.

22. As a result of Defendants conduct, Plaintiff has suffered a decreased credit score because of the inaccurate information and of multiple inquiries appearing on Plaintiff's credit file.

## **COUNT I – FCRA**

23. Plaintiff repeats, realleges, and incorporates the averments contained in all the above paragraphs of his Complaint and Claims as though fully set forth herein.

24. At all times pertinent hereto, Defendants were "furnishers" within the meaning and context of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq.

25. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

26. Pursuant to 15U.S.C. §1681n and 15 U.S.C. §1681o, Defendants are liable to the Plaintiff for engaging in the following conduct:

27. Willfully and negligently failing to properly and timely delete the inaccurate information from the Plaintiff's credit files despite being provided with proof of its inaccuracy; and
28. Willfully and negligently continuing to furnish and disseminate inaccurate information and derogatory credit account starting in 636992 and other information despite having knowledge of its inaccuracy; and
29. Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C §1681s-2(b); and
30. Reporting information with actual knowledge of errors in violation of 15 U.S.C. §1681s-2(a)(1)(A); and
31. Reporting information after notice and confirmation of errors in violation of 15 U.S.C. §1681s-2(a)(1)(B); and
32. Failing to correct and update information in violation of 15 U.S.C. §1681s-2(a)(2)(B); and
33. Failing to provide notice of dispute in violation of 15 U.S.C. §1681s- 2(a)(3); and
34. Failing to investigate with respect to disputed information in violation of §1681s-2(a)(8).
35. The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendants are liable to the Plaintiff for the full amount of statutory, actual, and punitive damages, and the costs of litigation, as well as such further relief, as may be permitted by law.

WHEREFORE, Plaintiff respectfully requests that this court enter judgment in his favor and against Defendants for the following:

a. Actual damages. d. Statutory damages pursuant to 15 U.S.C. §1681n;

c. Reasonable fees and costs of suit pursuant to 15 U.S.C. §1681o; and

d. Such addition and further relief as may be appropriate or that the interests of justice require.

## COUNT II– DEFAMATION OF CHARACTER.

36. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

37. Defendants have published the inaccurate information through writing to various creditors, prospective credit grantors, individuals, entities, and other credit reporting agencies regarding Plaintiff's credit history.

38. Defendants have published the inaccurate information each time a credit report on the Plaintiff has been requested from any creditor, prospective credit grantors, furnisher or other source.

39. The inaccurate information published by Defendants is false in that it inaccurately reflects Plaintiff's credit information, and paints Plaintiff in a false financial light.

40. Defendants have published the inaccurate information to at least every single creditor, furnisher or prospective creditor or other entity that has requested Plaintiff's credit report.

41. The falsehoods within the trade lines of Defendants constitute falsehoods concerning Plaintiff's credit history.

42. Defendants knew or reasonably should have known that the information regarding the trade lines of Defendants which they have published and re-published on Plaintiff's credit reports are incorrect and false as Plaintiff has notified them of such.

43. Defendants continue to publish the false and negative information within the trade lines of Defendants on Plaintiff's credit history up through the present time.

44. Defendants knew that the information within the trade lines of Defendants on Plaintiff's credit report were false and had no factual basis. Defendants nonetheless continued to publish and re-publish the inaccurate information.

45. The publications of the information within the trade lines of Defendants on Plaintiff's credit report constitute libel per se.

46. In addition, and despite the notices from Plaintiff, Defendants have acted with malice by failing to communicate the information provided to them by Plaintiff to all creditors,

prospective creditors, furnishers of information and all other entities to whom said Defendants provide credit information concerning the Plaintiff.

47. The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to the Plaintiff that are outlined more fully above and, as a result, said Defendants are liable to compensate the Plaintiff for the full amount of actual damages, compensatory damages and punitive damages, as well as such other relief, permitted under the law.

WHEREFORE, Plaintiff respectfully requests that this court enter judgment in his favor and against the Defendants Richard Fairbank: Chairman and Chief Executive Officer, Capital One Financial Corporation for the following:

a. That judgment be entered against Defendant for actual damages pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o.

b. That judgment be entered against Defendants for punitive damages pursuant to 15 U.S.C. § 1681n.

c. That the Court award costs and reasonable fees pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o; and

d. An order directing the Defendants Richard Fairbank: Chairman and Chief Executive Officer, Capital One Financial Corporation to immediately and permanently delete all the inaccurate information from Plaintiff credit reports and files and cease reporting the inaccurate information to all persons and entities to whom they report consumer credit information; and

e. Such addition and further relief as may be appropriate or that the interests of justice require.

WHEREFORE, the Plaintiff pray that the Court enters Judgment against Richard Fairbank: Chairman and Chief Executive Officer, Capital One Financial Corporation.

## **CERTIFICATION AND CLOSING**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

## **DEMAND FOR JURY TRIAL and RESERVATION OF RIGHTS.**

Plaintiff hereby request a Trial by Jury on all issues raise in this Complaint and Claims pursuant to Rule 38 of the Federal Rules of Civil Procedure and Section 102 of the Civil Rights Act of 1991, 42 U.S.C § 1981a.

Plaintiffs' investigation of the matters alleged herein is ongoing. Pursuant to such investigation and as allowed by the Court, Plaintiffs expressly reserve the right to Amend or supplement the claims herein in accordance with Fed.R.Civ.P. 15.

**Dated: this 20th Day of February 2022.**

*Frederick O. Silver* (signature)
FREDERICK O. SILVER
7737 SKOLOUT ST, APT 126
SAN ANTONIO TX 78227
Tel: 210-803-2299
Email: ASCLV1@gmail.com