Elaina M. Maragakis (7929)
Beth J. Ranschau (13846)
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Ste. 1400
Salt Lake City, UT 84111
Telephone: 801.323.3337
emaragakis@rqn.com
branschau@rqn.com

*Attorneys for Specially-Appearing*
*Defendant Richard Fairbank*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| FREDERICK O. SILVER,<br><br>　　　　Plaintiff,<br>v.<br><br>RICHARD FAIRBANK:<br>CEO/PRESEIDENT CAPITAL ONE<br>FINANCIAL CORPORATION.,[1]<br>　　　　Defendants. | **MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(5)**<br><br>Case No.: 2:22-CV-00140<br><br>Magistrate Judge Cecilia M. Romero<br><br>**ORAL ARGUMENT REQUESTED** |

Specially-appearing defendant Richard Fairbank submits this Motion to Dismiss the

Complaint of plaintiff Frederick O. Silver ("Plaintiff") in the above-captioned matter pursuant to

---

[1] There is some question as to whether Plaintiff has sought to name one or two defendants in this action. Plaintiff's caption identifies only one defendant: "Richard Fairbank: CEO/President Capital One Financial Bank Corporation." However, the complaint refers to "Defendants" and paragraphs 2 and 3 appear to identify both Richard Fairbank and "Capital One Financial Corporation" as defendants. The docket also reflects two defendants: (1) Richard Fairbank; and (2) "Capital One Financial." Capital One, however, has not been served with a summons in this action, and the docket reflects no proof of service that has been filed with the Court. Accordingly, as there is no indication of service upon any Capital One entity, this Motion deals exclusively with the summons improperly mailed to Richard Fairbank via CSC. If it is Plaintiff's intention to also name Capital One as a defendant, and Plaintiff effectuates service upon Capital One pursuant to that intention, Capital One will separately respond to the Complaint.

Federal Rule of Civil Procedure 12(b)(5).[2]

## RELIEF REQUESTED AND SUPPORTING GROUNDS

Specially-appearing defendant Richard Fairbank hereby move to dismiss, with prejudice, the Complaint against him, and/or to quash service of summons, pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(5) for insufficient service of process. As set forth herein, quashing the summons for Mr. Fairbank is proper under Rule 12(b)(5), because Mr. Fairbank has not been properly served as an individual in his personal capacity in accordance with FRCP 4. Additionally, since Plaintiff has not asserted personal jurisdiction over Mr. Fairbank, and he further fails to state a claim against Mr. Fairbank, the Court can and, respectfully, should dismiss the Complaint as to Mr. Fairbank with prejudice. Indeed, permitting Plaintiff a further opportunity to serve Mr. Fairbank would be futile since, upon service, Mr. Fairbank could seek dismissal of the Complaint pursuant to FRCP 12(b)(2) and 12(b)(6) for lack of jurisdiction and failure to state a claim respectively.

## STATEMENT OF FACTS

Plaintiff Frederick O. Silver filed the instant action on February 25, 2022 requesting "Actual and Statutory Damages seeking Monetary Relief against Defendants Richard Fairbank: CEO/ President, Capital One Financial Corporation for Violations of the Law, but not limited to The Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq, as well as for relief for Defamation of Character. (the "FCRA") [sic] and other Claims related to unlawful credit reporting practices." Dkt. No. 5 (hereinafter, "Compl."), p. 1. Although the caption appears to

---

[2] By this Motion, defendant Richard Fairbank does not consent to jurisdiction and, accordingly, is specially appearing in the action.

name only Mr. Fairbank as a defendant, paragraphs 2 and 3 of the Complaint suggest that both Mr. Fairbank and "Capital One Financial Corporation" are defendants. *Id.*, ¶¶ 2-3.

The Complaint is silent as to any purported conduct by Mr. Fairbank. Rather, the allegations involve a credit card account Plaintiff opened with Capital One Bank (USA), N.A. (hereinafter, "Capital One") (erroneously named as "Capital One Financial Corporation"). By the Complaint, Plaintiff alleges that an "account" with "Defendants" was opened in 2012. *Id.*, ¶ 10. Plaintiff further alleges that, on an unspecified date, he sent payment to "defendant" to pay the account in full but the "payment was not updated on the account." *Id.*, ¶ 11. Plaintiff does not allege when he discovered that the payment was not "updated," but he contends that he disputed the "trade lines" with "defendants" in December 2020. *Id.*, ¶ 12. The Complaint goes on to allege that Plaintiff next disputed the tradelines with consumer reporting agencies, but the Complaint does not identify the date(s) of those disputes. *Id.* In support of his claims, he contends that "Defendants and the credit reporting agencies continues [sic] to report the trade line of Defendants inaccurately, and neither has marked this trade line as 'disputed.'" *Id.*, ¶ 14. Based on the foregoing, Plaintiff claims that his credit score has "dropped," causing him to be declined for "various Bank line of credit or loans from several lenders." *Id.*, at ¶ 15.

Attached to the Complaint as Exhibit 1 are (1) a document identified as "Prospectus Supplement" dated May 8, 2009 regarding "Capital One Capital V"; (2) portions of dispute results with Experian dated January 25, 2022, reflecting credit information for Plaintiff's credit card account with Capital One Bank (USA), N.A. indicating that Plaintiff can contact Capital One by mail to a P.O. Box in Salt Lake City, Utah regarding the credit dispute; and (3) what appears to be registered agent information for Capital One, N.A. (as opposed to Capital One

3

Bank (USA), N.A. or Capital One Financial Corporation), indicating that Capital One, N.A.'s registered agent in Utah is Corporation Service Company. Dkt. No. 5-1.

On the foregoing allegations, Plaintiff purports to allege two claims in connection with credit reporting on the subject Capital One account – one for violations of the FCRA and one for defamation.

The Complaint fails to identify any grounds for asserting personal jurisdiction over Mr. Fairbank. Compl., ¶ 2. The only apparent connection Plaintiff's claims have with Utah is that Capital One requests certain correspondence regarding credit card accounts be sent to a P.O. Box in Utah. Dkt. No. 5-1. In fact, Plaintiff does not allege that he is a resident of Utah, but rather he resides in Texas. Compl., ¶ 1. While Plaintiff does allege that Capital One Financial Corporation is organized under Utah law, as this Court can take judicial notice, Capital One Financial Corporation is incorporated in Delaware, with its principal place of business in Virginia.[3] *Id.*, ¶ 3.

On or about April 4, 2022, a copy of the Complaint and the Summons for Richard Fairbank (the "Summons") was mailed to Corporation Service Company (or "CSC") in Utah. *See* Ex. 1. Upon review of the docket, it is apparent that a separate summons was prepared for Capital One Financial Corporation. The summons for Capital One Financial Corporation was not included in the mailing to CSC. *Id.*

---

[3] *See* "Company Information" at https://www.sec.gov/edgar/browse/?CIK=927628&owner=exclude; *see also* FRE 201; *United States v. Garcia* (4th Cir. 2017) 855 F.3d 615, 2017 U.S. App. LEXIS 7777 (court may take judicial notice of facts on government website).

## LEGAL STANDARD

Under Federal Rule of Civil Procedure ("FRCP") 12(b)(5), the Court may grant a motion to dismiss and/or quash a summons for insufficient service of process. "The plaintiff has the burden of establishing the validity of service . . . [and if] plaintiff does not meet this burden, a court may dismiss for failure to properly serve." *Moomey v. Express Messenger Sys.* (D.Utah Dec. 3, 2021, No. 2:21-cv-00575-DAK-JCB) 2021 U.S.Dist.LEXIS 233274, at *4.

FRCP 4(e) provides, in relevant part that a plaintiff may serve an individual in a judicial district of the United States by the following:

> "(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following:
>
> > (A) delivering a copy of the summons and of the complaint to the individual personally;
> >
> > (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> >
> > (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process."

FRCP 4(e)(1), (2). Under Utah law, an individual defendant may be served under the methods set forth under FRCP 4(e)(2). Utah R. Civ. Proc. ("URCP") 4(d)(1)(A). Additionally, a summons and complaint may be served on an individual "by mail or commercial courier service in any state or judicial district of the United States provided the defendant signs a document indicating receipt." URCP 4(d)(2)(A).

/ / /

# ARGUMENT

I. **The Court Should Dismiss the Complaint and/or Quash Service of the Summons as to Mr. Fairbank For Failure to Provide Sufficient Service of Process.**

There is no indication that service has been effectuated on Richard Fairbank. As an initial matter, this Court's Order Directing Service of Process dated March 2, 2022 provides that Plaintiff is to submit completed summons and USM-285 for each defendant, and the United States Marshal is to serve each Summons and Complaint on the defendants. Dkt. No. 8. Upon review of the docket, it appears that no proof of service has been filed for either defendant. Notwithstanding the foregoing, the Summons for Mr. Fairbank was <u>mailed</u> via FedEx to Corporation Service Company at an address in Utah. While Plaintiff attached a document to the Complaint that named Corporation Service Company as the registered agent for Capital One, N.A., it is not identified as an agent for Mr. Fairbank individually. Neither the docket, nor the mailing through FedEx reflect that, under FRCP 4(e)(2) or URCP 4(d)(1)(A), there has been any (a) personal service on Mr. Fairbank, (b) service to someone at his residence or (c) service on an agent authorized to accept service on his behalf. Further, even if Mr. Fairbank did authorize Corporation Service Company to accept service as his agent for service of process (again, there is no support for this in Plaintiff's exhibit to the Complaint), service would still not be effective, since Mr. Fairbank has not signed a document indicating receipt of the Summons and Complaint. URCP 4(d)(2)(A). Moreover, per the Order of this Court, it appears that only the US Marshal can effectuate service in this action. With no demonstrated service on Richard Fairbank, this Court should, respectfully, quash the Summons and/or dismiss the Complaint as against Mr. Fairbank. *See, e.g.*, *Moomey v. Express Messenger Sys.* (D.Utah Dec. 3, 2021, No. 2:21-cv-

00575-DAK-JCB) 2021 U.S.Dist.LEXIS 233274, at *4 (granting motion to quash service of summons and complaint for insufficient process and insufficient service under 12(b)(5)).

## II. Dismissal of the Complaint as Against Mr. Fairbank is Warranted as Any Further Attempt to Serve Would Ultimately Be Futile.

As opposed to only quashing service of the Summons, it is proper here to dismiss the Complaint against Mr. Fairbank entirely. "[W]hen a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant." *Pell v. Azar Nut Co.* (10th Cir. 1983) 711 F.2d 949, 950, fn. 2 (emphasis added). However, the court "retains broad discretion to dismiss the action if it appears unlikely that proper service can or will be instituted." *Id.* In the instant action, even if Plaintiff were to properly serve Mr. Fairbank, service would be futile, as Plaintiff has not *established* personal jurisdiction. Moreover, the Complaint fails to even state a claim against Mr. Fairbank.[4]

First, in the event Plaintiff were to effectuate service on Mr. Fairbank, the Complaint would still fail for lack of personal jurisdiction and be subject to dismissal under FRCP 12(b)(2). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant. In the absence of such service (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros. v. Michetti Pipe Stringing* (1999) 526 U.S. 344, 347. Here, with no service on Richard Fairbank, there is no personal jurisdiction. *See also Felders v. Bairett* (10th Cir. 2018) 885 F.3d 646, 652 (defendant not a party to the litigation before service of process).

---

[4] In the event Mr. Fairbank is later served with the Summons and Complaint, he reserves the right to file a separate motion to dismiss based on FRCP 12(b)(2) and 12(b)(6). By this Motion, he nevertheless asserts that there is no personal jurisdiction and that the Complaint fails to state a claim against him.

Additionally, the Complaint fails to establish that, even if served, this Court would have personal jurisdiction over Mr. Fairbank.  Indeed, a defendant ordinarily must still have the requisite contacts with the forum state in order for the court to have personal jurisdiction.  *See e.g. World-Wide Volkswagen Corp. v. Woodson* (1980) 444 U.S. 286, 291 ("court may exercise personal jurisdiction over a nonresident defendant only so long as there exist 'minimum contacts' between the defendant and the forum State.").  By his Complaint, Plaintiff does not allege that Mr. Fairbank has *any* contacts with Utah.  In fact, the only reference to Utah at all (other than the inaccurate allegation regarding Capital One Financial Corporation's state of incorporation) is a P.O. Box in Utah, which is an address for correspondence to Capital One Bank (USA), N.A. – not Mr. Fairbank.[5]  As there is no suggestion in the Complaint that personal jurisdiction exists for Mr. Fairbank, dismissal of the Complaint, as opposed to merely quashing service of the Summons, is warranted.  *See, e.g.*, *Hall v. State Farm Ins.*, 2018 WL 2102310, at *2 (D. Kan. May 7, 2018) (dismissing case "in its entirety," on personal jurisdiction grounds reasoning that "[e]ven if the court were to quash service, allowing plaintiff the opportunity to re-serve defendants would be futile" where "plaintiff has not shown any contacts by defendants with the state of Kansas").

Second, dismissal of the Complaint is further proper as opposed to only quashing service of the Summons, as the Complaint fails to state a claim against Richard Fairbank.  *See, e.g.*, *Gregory v. U.S. Bankruptcy Court,* 942 F.2d 1498, 1500 (10th Cir, 1991) (affirming dismissal under Rule 12(b)(5), where "proper service of process would be futile" and raising 12(b)(6)

---

[5] As outlined in FN 1 *supra*, Plaintiff has not served the summons and Complaint upon any Capital One entity, and accordingly, this Motion deals exclusively with the summons improperly sent to Richard Fairbank via CSC.

grounds for dismissal *sua sponte*, reasoning that doing so is appropriate where a "plaintiff cannot recover on the complaint because of a dispositive issue of law"). Indeed, a review of Plaintiff's Complaint reveals that it is subject to dismissal on the grounds that (1) it fails to include any allegations of purported conduct by Mr. Fairbank and, as a result, fails provide notice to Mr. Fairbank of the nature of the claims against him, and (2) it fails to state any claims against Mr. Fairbank on which relief can be granted.

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed if it fails to state a claim for which relief may be granted. Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal* (2009) 129 S. Ct. 1937, 1949; *Bell Atl. Corp. v. Twombly* (2007) 550 U.S. 544, 570; *see also Teigen v. Renfrow* (10th Cir. 2007) 511 F.3d 1072, 1078 (Rule 12(b)(6) dismissal is proper where a complaint does not include "enough facts to state a claim to relief that is plausible on its face."). Additionally, under Rule 8(a) of the Federal Rules of Civil Procedure: "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal* (2009) 129 S. Ct. 1937, 1949 (*quoting Twombly*, 550 U.S. at 570). No longer is an "unadorned, the-defendant-unlawfully-harmed-me accusation" sufficient to state a cause of action. *Id.*

With respect to notice under FRCP 8(a), other than merely listing Mr. Fairbank as a defendant in the caption, introduction and paragraph 2, the Complaint does not allege a single fact involving conduct by Mr. Fairbank. Rather, every allegation on which Plaintiff is seemingly attempting to make a claim involves a credit card account he opened with Capital One Bank (USA), N.A. As a result, the Complaint fails to comply with Rule 8(a), as it does not provide sufficient notice to Mr. Fairbank as to the nature or basis of the claims Plaintiff is attempting to

assert against him.

Further, with respect to the two individual claims, neither are sufficient to state a cause of action against Mr. Fairbank.  Plaintiff's claim for violation of the FCRA can only be brought against Capital One as a furnisher of information on the ground that Capital One (and not Mr. Fairbank) provided information to consumer reporting agencies regarding Plaintiff's credit card account.  *See* 15 U.S.C. § 1681s-2; *Jarrett v. Bank of Am.* (D. Kan. 2006) 421 F. Supp. 2d 1350, 1352 n.1 (defining furnisher of information as "an entity which transmits information concerning a particular debt owed by a particular consumer to consumer reporting agencies").  With respect to Plaintiff's second claim for defamation, his allegations involve his credit report on an account with Capital One – not any statement made by Mr. Fairbank.  Moreover, this claim fails because the FCRA expressly preempts claims for defamation.  *See Hasvold v. First USA Bank* (D.Wyo.2002) 194 F.Supp.2d 1228, 1239 ("federal law under the FCRA preempts plaintiff's claims [for defamation and invasion of privacy] against the defendant relating to it as a furnisher of information"); *Birmingham v. Equifax, Inc.*, CIV 2:06CV00702BSJ, 2009 WL 194985 (D. Utah 2009) *aff'd sub nom* (holding defamation claim preempted by FCRA).

As each of these claims necessarily fail as to Mr. Fairbank, and Plaintiff has not even alleged that jurisdiction is proper as to Mr. Fairbank, the Court should, respectfully, dismiss the Complaint as to Mr. Fairbank with prejudice, as any further service attempt by Plaintiff would be futile.

## CONCLUSION

For the foregoing reasons, specially-appearing defendant Richard Fairbank respectfully requests that the Court dismiss the Complaint against him in its entirety, with prejudice.

DATED this 28th day of April, 2022.

          **RAY QUINNEY & NEBEKER P.C.**

          By */s/ Beth J. Ranschau*
           Elaina M. Maragakis
           Beth J. Ranschau

          *Attorneys for Specially-Appearing Defendant Richard Fairbank*

11

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of April, 2022, I electronically filed the foregoing **MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(5)** with the Clerk of the Court using the CM/ECF filing system which sent notification of such filing upon the following:

Frederick O. Silver
7737 Skolout St., Apt. 126
San Antonio, TX 78227
ASCLV1@gmail.com

                                                                      */s/ Lori McGee*