# THE UNITED STATES DISTRICT COURT

# THE DISTRICT OF UTAH

| | |
|---|---|
| FREDERICK O. SILVER, et al.,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>RICHARD FAIRBANK:<br>CEO/PRESIDENT CAPITAL ONE<br>FINANCIAL CORPORATION,[1]<br><br>　　　　Defendants. | MEMORANDUM DECISION AND<br>ORDER GRANTING IN PART [14]<br>DEFENDANT RICHARD FAIRBANK'S<br>MOTION TO DISMISS<br><br>Case No.: 2:22-cv-00140<br><br>District Judge David Barlow |

Before the court is Defendant Richard Fairbank's (Motion).[2] Plaintiff did not file an opposition, and the time to do so has expired. Having reviewed the briefing and case law, the court concludes the motion may be resolved without oral argument.[3] For the reasons stated herein, the Motion is GRANTED in part.

## BACKGROUND

This is an action involving a claim under the Fair Credit Reporting Act (FCRA).[4] Plaintiff generally alleges that he had an account with Capital One but inaccurate reporting has negatively impacted his credit score.[5] Defendant Fairbank is specifically named in two

---

[1] As will be discussed, there is some confusion on who and how many defendants are named in the case. The court uses the heading as identified in the Complaint without making any conclusions as to the identity or number of defendants.
[2] ECF No. 14, filed April 28, 2022. The court notes that Fairbank is specially appearing in this action. *See* Motion at 1; *see also* Notice of Limited Appearance, ECF No. 12, filed April 28, 2022.
[3] *See* DUCivR 7-1(g).
[4] *See* Complaint at 1, ECF No. 5, filed March 1, 2022.
[5] *See generally id.*

paragraphs of the Complaint: (1) as "the Chairman and Chief Executive Officer, Capital One Financial Corporation,"[6] (2) asking for relief "against the Defendants Richard Fairbank" including an order "directing the Defendants Richard Fairbank: Chairman and Chief Executive Officer, Capital One Financial Corporation to immediately and permanently delete all inaccurate information from Plaintiff['s] credit reports and files and cease reporting the inaccurate information to all persons and entities to whom they report consumer credit information."[7] All other references in the Complaint are either to "Defendants" or "Capital One."[8]

Plaintiff brings two causes of action: (1) violation of the FCRA and (2) defamation.

## STANDARD

At the motion to dismiss stage, the court accepts as true "the well-pleaded ('that is, plausible, non-conclusory and non-speculative') facts alleged in the complaint."[9] The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[10] The complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level."[11] When multiple defendants are involved, the allegations must include detail to put the defendants on notice about "*which* defendant is alleged to have done what" and "*what* the misconduct was."[12]

## ANALYSIS

Fairbank asks the court to dismiss the case. As Fairbank initially notes, the Complaint is unclear as to the identity and number of the defendants. As indicated above, the case caption

---

[6] *Id.* at ¶ 2.
[7] *Id.* at ¶ 47(d).
[8] *See generally* Complaint.
[9] *XMission, L.C. v. Fluent LLC*, 955 F.3d 833, 836 (10th Cir. 2020).
[10] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[11] *Id.*
[12] *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1240 (10th Cir. 2013) (concluding that the court could not make reasonable inferences that the defendant was liable based on "broad allegations against a large and mostly anonymous group of people" (emphases in original)).

used by Plaintiff appears to reference just Fairbank but then refers to "defendants."[13] Plaintiff dedicates one paragraph each to describing Fairbank and Capital One but every other reference in the Complaint is to "Defendants" or at least twice to "Defendant."[14] The Complaint does not identify which actions, if any, Fairbank is alleged to have taken. For example, Plaintiff alleges that "Defendants did not correct the inaccuracies with the trade lines of Defendants,"[15] "Defendants acted with actual malice,"[16] "Defendants have published inaccurate information through writing,"[17] and "Defendants knew or reasonably should have known that the information regarding the trade lines of Defendants…are incorrect and false."[18] None of these allegations name Fairbank specifically.

Federal Rule of Civil Procedure 8(a)(2) requires that the allegations in a Complaint must "give the defendant fair notice of what the claim [against him] is and the grounds upon which it rests."[19] At the motion to dismiss stage, the court must be able to draw a reasonable inference that the individual defendant is liable for the alleged misconduct. The allegations must show "which defendant is alleged to have done what" to whom and "what the misconduct is."[20]

The Complaint does not allege any specific facts about Fairbank other than identifying him and asking for relief against him. The remainder of the Complaint's allegations, a sample of which have been identified above, are improper collective pleading. The collective references to "Defendants" do not allow the court to determine which defendant is alleged to have done what. Indeed, it is not entirely clear who the defendants may be. Such collective pleading is improper

---

[13] *See* Complaint at 1.
[14] *Id.* at ¶¶ 2–3, 4, 7, 9– 47.
[15] *Id.* at ¶ 13.
[16] *Id.* at ¶ 17.
[17] *Id.* at ¶¶ 37–38.
[18] *Id.* at ¶ 42.
[19] *Burnett*, 706 F.3d at 1235.
[20] *See id.* at 1240.

and does not meet the requirements of Rule 8. Therefore, the claims against Fairbank are dismissed.[21]

## ORDER

Based on the foregoing, Defendant Richard Fairbank's unopposed Motion to Dismiss is GRANTED in part. The claims against Richard Fairbank are dismissed without prejudice.[22] Plaintiff may file an amended complaint within sixty days of this order. Any amended complaint should clarify if the claims are being brought against Richard Fairbank individually, Capital One as a company, or both. Any amended complaint should be clear as to the number of defendants. Furthermore, for each defendant, Plaintiff must allege facts to put each individual defendant on notice as to their alleged wrongful conduct. As noted above, collective references to "defendants" may be insufficient and lead to future dismissal. Failure to file an amended complaint in a timely manner may also lead to dismissal of the case. The clerk's office is directed to send Plaintiff a copy of the court's pro se litigant guide.

DATED July 8, 2022

BY THE COURT:

_____
David Barlow
United States District Judge

---

[21] Fairbank also moved to quash service of the Complaint. The court notes that service of process as to Fairbank appears problematic. This is in part due to the confusion related to the number and identify of the defendants. Analysis of service is unnecessary given the dismissal of the Complaint.
[22] Because Plaintiff is appearing pro se and this is his first complaint, dismissal without prejudice is warranted.