THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| FREDERICK O. SILVER,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD FAIRBANK: CEO/PRESIDENT, CAPITAL ONE FINANCIAL CORPORATION,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER OVERRULING [39] PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S ORDER DENYING MOTIONS TO STRIKE**<br><br>Case No. 2:22-cv-00140-DBB-DBP<br><br>District Judge David Barlow |

This matter is before the court on an objection to Magistrate Judge Pead's order denying Plaintiff Frederick O. Silver's ("Mr. Silver") motion to strike Defendant Richard Fairbank's ("Mr. Fairbank") Motion to Dismiss and Motion to Strike Memorandum in Opposition.[1] Finding that the order is not clearly erroneous or contrary to law, the court overrules the objection.[2]

## BACKGROUND

On October 6, 2022, Mr. Fairbank filed a motion to dismiss.[3] Mr. Silver has not yet responded to this motion.[4] Instead, Mr. Silver filed a motion to strike on October 11, 2022.[5] Thirteen days later, Mr. Fairbank filed an opposition to the motion to strike.[6] On October 24, Mr. Silver filed a motion to strike the memorandum in opposition.[7] Magistrate Judge Pead denied

---

[1] Obj. to Order, ECF No. 39, filed Oct. 29, 2022.
[2] The court may overrule the objection without a response or oral hearing. *See* DUCivR 72-3.
[3] Def. Mot. to Dismiss ("MTD"), ECF No. 33, filed Oct. 6, 2022.
[4] *See* Docket, *Silver v. Fairbank*, No. 2:22-cv-00140 (D. Utah 2022).
[5] ECF No. 35.
[6] ECF No. 36.
[7] ECF No. 37.

Mr. Silver's two motions to strike on October 26, 2022, and ordered him to file an opposition to the motion to dismiss within thirty days.[8] On October 29, 2022, Mr. Silver filed the instant objection to Judge Pead's order.[9]

## STANDARD

When reviewing an objection to a magistrate judge's non-dispositive ruling, the court will "modify or set aside any part of the order that is clearly erroneous or is contrary to law."[10] To overturn a decision as clearly erroneous, the court must be left with a "definite and firm conviction that a mistake has been committed."[11] The court will "set aside the magistrate judge's order" as contrary to law "if it applied an incorrect legal standard."[12]

## DISCUSSION

Mr. Silver's objection fails to identify any part of Judge Pead's order that is erroneous or contrary to law. While Mr. Silver cites precedent that pro se plaintiffs are held "to less stringent standards than formal pleadings drafted by lawyers,"[13] this proposition in itself does not undermine the magistrate judge's points.[14] The court addresses each of Mr. Silver's arguments.

First, Mr. Silver apparently argues that Mr. Fairbank "**did not file** a special appearance or a Motion to dismiss Plaintiff [sic] Complaint and Claims, and demand [sic] strict proof thereof."[15] Mr. Silver's argument is without merit. Mr. Fairbank properly made a special

---

[8] Order Den. Mots. to Strike, ECF No. 38, filed Oct. 26, 2022.
[9] Obj. to Order.
[10] Fed. R. Civ. P. 72(a).
[11] *United States v. Gypsum Co.*, 333 U.S. 364, 395 (1948); *see also Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988).
[12] *Vivint, Inc. v. Alarm.com Inc.*, No. 2:15-cv-392, 2020 WL 3871346, at *5 (D. Utah July 9, 2020) (cleaned up).
[13] *Haines v. Kerner*, 404 U.S. 519, 520 (1972).
[14] *See Tinsley v. Valenzuela*, No. LA CV 13-06126, 2014 WL 11858178, at *6 (C.D. Cal. May 7, 2014), *judgment entered*, No. CV 13-06126, 2014 WL 11737330 (C.D. Cal. May 7, 2014).
[15] Obj. to Order 1.

appearance to file his motion to dismiss for lack of jurisdiction, insufficient service of process, and failure to state a claim.[16] Mr. Silver offers no case law for the proposition that a defendant must provide some other "strict proof" such as a sworn declaration that he is specially appearing before filing a motion to dismiss.

Next, Mr. Silver remarks that "[t]he Court Screened Plaintiff [sic] Complaint and Claims in accordance to [sic] 28 U.S. Code § 1915A,"[17] and then cites the statute. The court cannot divine Mr. Silver's argument here. If he is claiming that the court screened his complaint pursuant to 28 U.S.C. § 1915A, he makes no argument as to why that would make Judge Pead's order erroneous. If the argument is that the court failed to screen the Complaint, Mr. Silver is not a prisoner under § 1915A. Either way, the statute is irrelevant to Judge Pead's order.[18]

After stating that the Clerk of Court issued the summons and that the United States Marshals executed the summons on Mr. Fairbank, Mr. Silver argues that he "does not need to respond to that Motion as the Court should make it's [sic] determination if the Court has jurisdiction or not over the matter."[19] This argument is groundless. Mr. Silver offers no legal support for a proposition that the court must affirmatively rule on jurisdiction before addressing a motion to dismiss for lack of jurisdiction or before ordering a plaintiff to respond to the motion.[20] If Mr. Silver wants to argue against Mr. Fairbanks's contention that the court lacks jurisdiction, then he should respond to the motion to dismiss by filing an opposition.[21]

---

[16] MTD 1–2; *see, e.g.*, *Bulletproof Techs., Inc.. v. Navitaire, Inc.*, No. 2:03-cv-00428, 2005 WL 2265701, at *1 (D. Utah Aug. 29, 2005).
[17] Obj. to Order 1.
[18] *See* § 1915A(c); Am. Compl., ECF No. 24, filed July 28, 2022.
[19] Obj. to Order 2.
[20] *See* Fed. R. Civ. P. 12; *Richmond v. AM S. Bank*, No. 2:06CV352, 2006 WL 2711780, at *1 (D. Utah Sept. 21, 2006) (adopting report and recommendation on a motion to dismiss for lack of personal jurisdiction).
[21] *See* Order Den. Mots. to Strike 2–3.

Finally, Mr. Silver objects to Judge Pead's jurisdiction and "does not accept the language of being **warned** by Chief Magistrate Judge Dustin B. Pead."[22] Again, Mr. Silver has not shown how the magistrate judge erred. Judge Pead issued the order pursuant to authority delegated under 28 U.S.C. § 636(b)(1)(B), which allowed him to hear and determine pretrial non-dispositive matters and to submit proposed findings of fact and recommendations for dispositive matters. Here, Judge Pead issued an order regarding a motion to strike, a non-dispositive matter. It was within his authority to do so. As to Mr. Silver's claim that he will not respond to "further Court documents issued by Chief Magistrate Judge Dustin B. Pead," the court reminds Mr. Silver of Judge Pead's authority in this matter and that "a failure to respond appropriately to Defendant's motion [to dismiss] may result in it being granted and this case being dismissed."[23] In sum, the court finds that Mr. Silver's arguments are frivolous and, in any event, they fail to show that Judge Pead erred. The court warns Mr. Silver that additional frivolous filings may result in sanctions.

## ORDER

Accordingly, the court OVERRULES Plaintiff's objection to Magistrate Judge Pead's Order Denying Plaintiff's Motions to Strike.[24]

---

[22] Obj. to Order 2.
[23] Order Den. Mots. to Strike 2.
[24] ECF No. 39.

Signed November 1, 2022.

BY THE COURT

———————————————————
David Barlow
United States District Judge