IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| FREDERICK O. SILVER,<br><br>      Plaintiff,<br>v.<br><br>RICHARD FAIRBANK: CEO/PRESIDENT CAPITAL ONE FINANCIAL CORPORATION.,<br><br>      Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 2:22-cv-00140<br><br>District Judge David B. Barlow<br><br>Chief Magistrate Judge Dustin B. Pead |

  Before the court are a series of motions. Defendant, Richard Fairbank, moves the court to dismiss Plaintiff's First Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(5) and 12(b)(6). (ECF No. 28 and 33.) Plaintiff filed a motion requesting the court take judicial notice under Rule of Evidence 201 that "Statements of counsel in brief or in argument are not sufficient for motion to dismiss or for summary judgment." (ECF No. 46 p. 1) (quoting *Trinsey v. Pagliaro*, 229 F.Supp. 647, 649 (E.D.Pa. 1964)). Plaintiff also filed a Motion for Discovery. (ECF No. 47.) Most recently, Plaintiff filed another Motion to Take Judicial Notice (ECF No. 51.) and a Motion for Declaration by Richard Fairbank as to Personal Jurisdiction. (ECF No. 52.) As set forth herein, the court recommends this matter be dismissed and Plaintiff's motions be denied or deemed moot.[1]

## BACKGROUND

  Plaintiff brings this suit asserting violations of law "not limited to The Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq, as well as for relief for Defamation of

---

[1] Judge David Barlow referred this matter to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 27.)

Character." Amend. Compl p. 1, ECF No. 24. Defendant Richard Fairbank is named in the Complaint as the CEO / President of Capital One Financial Corporation. Plaintiff has been denied credit several times and alleges this arose from inaccurate reports stemming from an account Plaintiff opened with Capital One Financial Corporation (COFC). Plaintiff brings claims under the FCRA and for defamation, seeking judgment against Mr. Fairbank, punitive damages, costs, and fees, and for an order directing COFC to "immediately and permanently delete all the inaccurate information from Plaintiff['s] credit reports." (ECF No. 24 p. 8.)

## DISCUSSION

As an initial matter, Mr. Fairbank asks the court to take judicial notice of certain documents in support of his motion, these include a complaint filed by Plaintiff in the Eastern District of Virginia,[2] an order dismissing that complaint, other pleadings from that case wherein Plaintiff sought relief under Federal Rule 60(b), an order from a Texas case declaring Plaintiff a vexatious litigant,[3] and an order adopting a Report and Recommendation in another Texas case denying Plaintiff leave to file a nearly identical case to this one.[4] Defendant attaches documents from each of these matters to the filing. (ECF No. 29.)

As noted by Defendant, federal courts can take judicial notice of records. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (noting that "a court may: consider stipulations, concessions of counsel, transcripts, exhibits and other papers, [and] take judicial notice, whether requested or not of its own records and files, and facts which are part of its public records.") (internal citations omitted); *Stack v. McCotter*, 79 Fed. Appx. 383, 2003 WL 22422416, *8 (10th Cir. 2003) (unpublished opinion) (concluding a state

---

[2] *Frederick Omoyuma Silver v. Capital One Financial Corporation*, Case No. :19-cv-1361-TSE-IDD.

[3] *Frederick Omoyuma Silver v. State of Texas, et al.*, Case No. D-1-GN-19-002235.

[4] *Frederick O. Silver v. Stephen Latham, et al.*, Case No. 5:20-CV-996-DAE.

district court's docket sheet is an official court record subject to judicial notice under Fed. R. Evid. 201); *Sexton v. Evergreen Vill. Cmty. MHC, LLC*, 2020 U.S. Dist. LEXIS 128840, *2 (unpublished opinion) (noting that courts may take judicial notice of an adjudicative fact and official state court records in related proceedings). Based on well-established precedent the court takes judicial notice of the records Defendant attaches to its pleading. While these records are helpful in providing context to the current dispute, these records are unnecessary to the instant decision based on Plaintiff's own conduct and his Amended Complaint in this case.

On October 6, 2022, Defendant filed a motion to dismiss. Mr. Silver has yet to respond to this motion. Instead, Mr. Silver has filed a variety of pleadings including motions to strike Defendant's properly filed pleadings, motions to take judicial notice, and a motion to transfer venue. On multiple occasions the court has noted Mr. Silver's failure to respond to Defendant's motion to dismiss, has ordered him to respond, and has even warned him that "'a failure to respond appropriately to Defendant's motion [to dismiss] may result in it being granted and this case being dismissed.'" (ECF No. 40 p. 4.) (quoting Order Den. Mots. to Strike 2). In short, Mr. Silver has had ample opportunity to respond to Defendant's arguments for dismissing this matter and he has failed to do so.

Most recently, Mr. Silver filed another Motion to Take Judicial Notice (ECF No. 51.) and a Motion for Declaration. (ECF No. 52.) These motions are unresponsive to Defendant's motion and the court's orders. The court readily acknowledges that because Mr. Silver is proceeding pro se he is held to a "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Yet, this standard "does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455, 1994 WL 401467 (10th Cir. 1994); *see*

*Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir.1994) (citing to several cases for the principle that pro se parties must comply with same procedural rules that govern all other litigants). Among those requirements are a litigant is to respond to a motion to dismiss or face the likelihood of it being granted.

Mr. Silver filed a Motion to Engage in Limited Expedited Discovery regarding personal jurisdiction. (ECF No. 47.) Conceivably, such a motion has the potential to be responsive to an opposing party's motion to dismiss. Yet here this is not the case. Plaintiff's motion seeks discovery so he can "identify the individual[s] or name of data furnisher who provided information to consumer reporting agencies, to obtain redress for the violation, The Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq," (ECF No. 47 p. 1.) The name of an individual or multiple individuals, which allegedly provided incorrect data, does not redress the problems with brining claims against Mr. Fairbank. And such discovery would not provide evidence of personal jurisdiction over him. Thus, denying such discovery is appropriate in this instance. *See Bell Helicopter Textron, Inc. v. Heliqwest Int'l, Ltd.*, 385 F.3d 1291, 1299 (10th Cir. 2004) (affirming district court decision to deny discovery concerning a lease agreement that could conceivably point to personal jurisdiction where there was a "very low probability that the lack of discovery affected the outcome of this case").

In sum, the undersigned finds Defendant's arguments in support of dismissing this case well taken. Dismissal is not precluded even under the liberal construction given to Plaintiff's pleadings and Amended Complaint. Plaintiff filed an Amended Complaint, had multiple opportunities to respond to Defendant's Motion to Dismiss, and has been warned multiple times that a failure to do so would result in dismissal. Plaintiff's arguments in this case have been

frivolous and unsupported by the record. (ECF No. 40 p. 4.) Thus, dismissal is appropriate, and any remaining motions should be denied or deemed moot.

## RECOMMENDATION

Based upon the foregoing and record before the court, the undersigned recommends that Defendant's Motion to Dismiss be GRANTED and this matter be dismissed. Plaintiff's remaining motions should be deemed MOOT or DENIED.

Copies of this Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 16 December 2022.

_____
Dustin B. Pead
United States Magistrate Judge