THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| FREDERICK O. SILVER,<br><br>            Plaintiff,<br><br>v.<br><br>RICHARD FAIRBANK: CEO/President,<br>Capital One Financial Corporation,<br><br>            Defendant. | **ORDER ADOPTING [53] REPORT AND RECOMMENDATION**<br><br>Case No. 2:22-cv-00140-DBB-DBP<br><br>District Judge David Barlow |

United States Chief Magistrate Judge Dustin B. Pead issued a Report and

Recommendation on December 16, 2022,[1] recommending that the court grant Defendant Richard

Fairbank's ("Mr. Fairbank") Motion to Dismiss[2] and Motion to Dismiss First Amended

Complaint.[3] Mr. Fairbank moved to dismiss Plaintiff Frederick O. Silver's ("Mr. Silver") claims

for violations of the Fair Credit Reporting Act and defamation of character pursuant to Federal

Rules of Civil Procedure 12(b)(2), 12(b)(5), and 12(b)(6).[4] The parties were notified of their

right to file objections to the Report and Recommendation within 14 days of its service pursuant

to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).[5]

On December 19, 2022, Mr. Silver filed a Notice of Reservation or Preservation of

Rights to Appeal to the Tenth Circuit Court of Appeals.[6] Even read liberally, the notice does not

---

[1] ECF No. 53.
[2] ECF No. 28.
[3] ECF No. 33.
[4] *See* ECF No. 24, at 1.
[5] ECF No. 53, at 5.
[6] ECF No. 54.

raise an objection to Judge Pead's Report and Recommendation.[7] As such, no party has objected

to the Report and Recommendation by the specified deadline and Judge Pead's analysis and

conclusions are sound.

## ORDER

Accordingly, the Report and Recommendation is ADOPTED.[8] Defendant's Motion to

Dismiss[9] and Motion to Dismiss First Amended Complaint are GRANTED.[10] The action is

DISMISSED without prejudice. Plaintiff's pending motions are DENIED as moot.[11]

Signed January 4, 2023.

BY THE COURT

_____

David Barlow
United States District Judge

---

[7] *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("[A]lthough [the court] make[s] some allowances for the [pro se] plaintiff[,] . . . "the court cannot take on the responsibility of serving as the litigant's attorney . . . ." (internal quotation marks omitted and citation omitted)).

[8] ECF No. 53.

[9] ECF No. 28.

[10] ECF No. 33.

[11] ECF No. 46; ECF No. 47; ECF No. 51; ECF No. 52.