THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| FREDERICK O. SILVER,<br><br>    Plaintiff,<br><br>v.<br><br>RICHARD FAIRBANK: CEO/President,<br>Capital One Financial Corp.,<br><br>    Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING [60] MOTION TO REOPEN CASE, MOTION FOR RECONSIDERATION, MOTION FOR RELIEF OF JUDGMENT UNDER RULE 60(B)**<br><br>Case No. 2:22-cv-00140-DBB<br><br>District Judge David Barlow |

The matter before the court is Plaintiff Frederick O. Silver's ("Mr. Silver") Motion to Reopen Case, Motion for Reconsideration, Motion for Relief of Judgment Under Rule 60(b).[1] For the reasons stated below, the court grants the motion.

**BACKGROUND**

Mr. Silver filed his Complaint on March 1, 2022.[2] Defendant Richard Fairbank ("Mr. Fairbank") made a special appearance and moved to dismiss for improper service of process on April 28, 2022.[3] The court granted the motion in part and dismissed the claims without prejudice.[4] On July 28, 2022, Mr. Silver filed his Amended Complaint against Mr. Fairbank as CEO of Capital One Financial Corp.[5] On August 22, 2022, Mr. Fairbank moved to dismiss the Amended Complaint for deficient service of process.[6] He also moved to dismiss under Rules

---

[1] Mot. to Reopen, Mot. for Recons., Mot. for Relief of J. Under Rule 60(b) ("Mot. for Relief"), ECF No. 60, filed Jan. 22, 2023.
[2] ECF No. 5.
[3] ECF No. 14.
[4] ECF No. 19.
[5] ECF No. 24, at 1.
[6] ECF No. 28.

1

12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure on October 6, 2022.[7] Mr. Silver moved to strike the motion to dismiss.[8] After denying the motion to strike, the court ordered Mr. Silver to file an opposition.[9] Instead of complying, Mr. Silver submitted other filings.[10] On December 16, 2022, Judge Pead recommended that the court grant the motions to dismiss and deny as moot Mr. Silver's motions.[11] On January 4, 2023, the court adopted the Report and Recommendation, dismissed the action without prejudice,[12] and entered judgment.[13]

On January 22, 2023, Mr. Silver filed the instant motion for relief from judgment.[14] Mr. Fairbank filed an opposition on February 6, 2023.[15] Mr. Silver replied the next day.[16]

## DISCUSSION

Mr. Silver moves for relief from judgment under Federal Rule of Civil Procedure 60(b)(6).[17] He contends that he "was not given or afforded the Opportunity to present any evidence as to his claims[.]"[18] He requests that the court reopen the case and accept an amended complaint.[19] Mr. Fairbank responds that Mr. Silver has not offered any extraordinary circumstances to warrant relief from judgment.[20]

---

[7] ECF No. 33.
[8] ECF No. 35.
[9] ECF No. 38.
[10] *E.g.*, ECF No. 43 (Motion to Transfer Venue).
[11] ECF No. 53, at 5.
[12] ECF No. 55.
[13] ECF No. 56.
[14] Mot. for Relief.
[15] Opp'n to Pl. Mots. for Relief of J. ("Opp'n"), ECF No. 61, filed Feb. 6, 2023.
[16] Resp. to Dkt 61 ("Reply"), ECF No. 62, filed Feb. 7, 2023.
[17] *Id.* at 1.
[18] *Id.*
[19] *Id.*; Second Am. Compl.
[20] Opp'n 2.

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[21] "Because Mr. [Silver] [i]s proceeding pro se, we will . . . treat [his motion] as a combination of a motion to set aside judgment under Rule 60(b) . . . and a motion to then amend under Rule 15."[22] "Federal Rule of Civil Procedure 60(b) permits 'a party to seek relief from a final judgment, and request reopening of [the] case, under a limited set of circumstances.'"[23] Under this rule, a party may seek relief for "any other reason that justifies relief."[24] "In deciding a Rule 60(b) motion, a court must balance the policy in favor of hearing a litigant's claims on the merits against the policy in favor of finality."[25] Relief under Rule 60(b)(6) "is appropriate only when circumstances are so unusual or compelling that extraordinary relief is warranted or when it offends justice to deny such relief[.]"[26]

This case presents unique circumstances. Mr. Silver is incorrect that he has been "denied a full and fair opportunity to litigate his claim and . . . from receiving adequate redress."[27] After all, his case was dismissed upon recommendation from the Magistrate Judge due to Mr. Silver's persistent failure to comply with court orders.[28] But the court notes that Mr. Silver now offers a second amended complaint naming Capital One Financial Corp. and Capital One Bank (USA) N.A. as Defendants.[29] The court has not addressed the case's merits; it dismissed the Amended

---

[21] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)).
[22] *United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006) (citations omitted).
[23] *Kemp v. United States*, 142 S. Ct. 1856, 1861 (2022) (citation omitted).
[24] Fed. R. Civ. P. 60(b)(6).
[25] *Obduskey v. Wells Fargo*, No. 22-1156, 2023 WL 1831128, at *10 (10th Cir. Feb. 9, 2023) (quoting *Kotlicky v. U.S. Fid. & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987)).
[26] *Christ Ctr. of Divine Phil., Inc. v. Elam*, 831 F. App'x 903, 905 (10th Cir. 2020) (unpublished).
[27] Mot. for Relief 2.
[28] *See* ECF No. 53, at 3–5.
[29] *See* Am. Compl. with Claims ("Second Am. Compl.") ¶¶ 2–6, ECF No. 60-2, filed Jan. 22, 2023. The court construes Mr. Silver's Second Amended Complaint as naming two defendants: Capital One Financial Corp. and Capital One Bank (USA) N.A.

Complaint without prejudice. As such, Mr. Silver has not been barred from re-filing.[30] Additionally, Mr. Fairbank has not argued that relief from judgment would lead to any undue delay or prejudice. Relief from judgment is thus justified given the matter's unique facts, Mr. Silver's pro se status, and the nature of his second amended complaint.

Having set aside judgment, the court treats Mr. Silver's motion as a request for leave to amend.[31] "Generally, leave to amend should be freely given when justice so requires."[32] "In the absence of any . . . undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , [or] futility of amendment, . . . the leave sought should . . . be freely given."[33] Though Mr. Silver has previously failed to comply with a court order,[34] the court cannot say that he has repeatedly failed to cure deficiencies by amendments previously allowed, that his motion represents bad faith or a dilatory motive, that granting leave to amend would cause undue delay or prejudice, or that amending would be futile. For this reason, the court grants Mr. Silver leave to file a second amended complaint.

**ORDER**

Accordingly, the court GRANTS Plaintiff's Motion to Reopen Case, Motion for Reconsideration, Motion for Relief of Judgment Under Rule 60(b).[35] The case is hereby

---

[30] ECF No. 55.
[31] *See Nelson*, 465 F.3d at 1148 ("[O]nce judgment is entered, the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to [Federal Rule of Civil Procedure] 60(b)."); *see, e.g.*, *Duran v. Muse*, No. 16-cv-00717, 2017 WL 2454317, at *1 (N.D. Okla. June 6, 2017) (construing a pro se plaintiff's third amended complaint as a motion for leave to amend).
[32] *J.G. through Grimes v. Bimestefer*, No. 21-1194, 2022 WL 2965794, at *7 (10th Cir. July 27, 2022); Fed. R. Civ. P. 15(a)(2).
[33] *Foman v. Davis*, 371 U.S. 178, 182 (1962) (internal quotation marks omitted).
[34] *See* ECF No. 38 (Mr. Silver failed to file an opposition to the Motion to Dismiss despite a court order).
[35] ECF No. 60.

REOPENED. The court GRANTS Mr. Fairbank leave to amend. The Clerk is further directed to file ECF Number 60-2 as a separate docket entry titled Second Amended Complaint, to terminate Richard Fairbank as Defendant, and to add as Defendants Capital One Financial Corporation and Capital One Bank (USA) N.A.

Signed February 14, 2023.

BY THE COURT

_____
David Barlow
United States District Judge