THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| FREDERICK O. SILVER,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CAPITAL ONE FINANCIAL and CAPITAL ONE BANK (USA), N.A.,<br><br>　　　　Defendants. | **MEMORANDUM DECISION AND ORDER DENYING [76] DEMAND FOR MANDATORY RECUSAL OR DISQUALIFICATION OF CHIEF MAGISTRATE JUDGE DUSTIN B. PEAD**<br><br>Case No. 2:22-cv-00140-DBB-DBP<br><br>District Judge David Barlow |

The matter before the court is Plaintiff Frederick O. Silver's ("Mr. Silver") Demand for Mandatory Recusal or Disqualification of Chief Magistrate Judge Dustin B. Pead.[1] For the reasons below, the court denies Mr. Silver's motion.

## BACKGROUND

On July 28, 2022, Mr. Silver filed his Amended Complaint against Richard Fairbank ("Mr. Fairbank"), CEO of Capital One Financial Corp.[2] On August 22, 2022, and October 6, 2022, Mr. Fairbank moved to dismiss the Amended Complaint for deficient service of process, lack of personal jurisdiction, and failure to state a claim.[3] On December 16, 2022, the magistrate judge recommended that the court grant the motions to dismiss.[4] The court adopted the Report

---

[1] Demand for Mandatory Recusal or Disqualification of Chief Mag. J. Dustin B. Pead ("Mot. to Recuse"), ECF No. 76, filed Feb. 15, 2023.
[2] ECF No. 24, at 1.
[3] ECF No. 28; ECF No. 33.
[4] ECF No. 53, at 5.

1

and Recommendation on January 4, 2023.[5] As a result, the court dismissed the action without prejudice and issued judgment.[6]

Mr. Silver moved for relief from judgment on January 22, 2023.[7] The court granted the motion on February 14.[8] As a result, the court reopened the case and gave Mr. Silver leave to file his Second Amended Complaint.[9] The revised complaint named as defendants Capital One Financial and Capital One Bank (USA), N.A. (collectively "Defendants"). Under the authority of 28 U.S.C. § 636(b)(1)(B), the court referred the case to Chief Magistrate Judge Pead.[10] Mr. Silver moved to recuse or disqualify the magistrate judge on February 15.[11] Defendants have not filed responsive memoranda in the time provided under the local rules.[12]

## DISCUSSION

Mr. Silver seeks to recuse or disqualify the magistrate judge under 28 U.S.C. § 144 and 28 U.S.C. § 455. The court addresses each statutory basis for recusal in order.

### I.   Recusal Under 28 U.S.C. § 144

Section 144 allows a party to "file[] a timely and sufficient affidavit" stating "that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party."[13] The affidavit must "state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the

---

[5] ECF No. 55.
[6] ECF No. 56.
[7] ECF No. 60.
[8] ECF No. 69.
[9] ECF No. 70.
[10] ECF No. 72. Before the court closed the case, the court had previously referred the matter to the magistrate judge. *See* ECF No. 20, filed July 8, 2022 (28 U.S.C. § 636(b)(1)(A)); ECF No. 27, filed Aug. 2, 2022 (28 U.S.C. § 636(b)(1)(B)).
[11] *See* Mot. to Recuse.
[12] *See* DUCivR 7-1(a)(4)(D)(ii).
[13] 28 U.S.C. § 144.

2

term at which the proceeding is to be heard[.]"[14] "While making an initial determination of the facial sufficiency of the affidavit, the judge must not determine the truth or falsity of the facts stated therein."[15] The "simple filing of an affidavit does not automatically disqualify a judge."[16] "Disqualification under . . . § 144 places a substantial burden on the moving party to demonstrate that the judge *is not impartial*, not a burden on the judge to prove that he *is impartial*."[17] "The court exercises its discretion when it decides whether recusal is warranted under § 144."[18]

"[A] motion to recuse must be filed promptly after the facts forming the basis of the disqualification become known."[19] Arguably, Mr. Silver's motion is untimely. The court first referred the case to the magistrate judge on July 8, 2022.[20] Yet Mr. Silver filed his motion seven months later. It is unclear what new facts arose that justified the delay. In addition, Mr. Silver has not filed an affidavit or "certificate of counsel of record stating that [the affidavit] is made in good faith."[21] Still, these deficiencies are not fatal. Because Mr. Silver proceeds pro se, the court affords him some leeway in meeting the statute's procedural requirements.[22]

The key question is whether Mr. Silver's motion is sufficient. Other than background information, statutory definitions, and citations to legal authority,[23] Mr. Silver makes two vague

---

[14] *Id.*
[15] *W. Watersheds Project v. Interior Bd. of Land Appeals*, 434 F. Supp. 3d 1257, 1260 (D. Utah 2020) (citing *United States v. Bennett*, 539 F.2d 45, 51 (10th Cir. 1976)).
[16] *United States v. Bray*, 546 F.2d 851, 857 (10th Cir. 1976).
[17] *In re McCarthey*, 368 F.3d 1266, 1269 (10th Cir. 2004) (emphases added); *see United States v. Stewart*, 378 F. App'x 773, 776 (10th Cir. 2010) (unpublished) ("Such affidavits are strictly construed against the affiant and the moving party has a substantial burden in establishing the judge is not impartial.").
[18] *United States v. Valerius*, No. 17-40079-01, 2020 WL 2495945, at *1 (D. Kan. May 14, 2020).
[19] *United States v. Gigax*, 605 F.2d 507, 511 (10th Cir. 1979), *disapproved of on other grounds by United States v. Lang*, 364 F.3d 1210 (10th Cir. 2004).
[20] ECF No. 20.
[21] 28 U.S.C. § 144.
[22] *See Grossetete v. Lucero*, No. 15-cv-00592, 2016 WL 9777218, at *3 (D.N.M. Sept. 26, 2016) ("[C]ourts are required to give special leeway to pro se parties that do not necessarily understand the complex procedural requirements of federal courts." (citing *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991))).
[23] *See* Mot. to Recuse 1–3.

accusations. First, Mr. Silver alleges "the actions of [the magistrate judge] towards Plaintiff have been nothing but to intimidate, threaten, or interfere with Plaintiff[] in the exercise or enjoyment of any right granted or protected[.]"[24] Second, he alleges the magistrate judge's actions "have not been of good behavior."[25]

Even construing the motion liberally,[26] Mr. Silver does not show a sufficient basis for recusal. He has not offered any "particularized allegations of personal bias" or prejudice.[27] The court has reviewed the Magistrate Judge's docket entries and orders in this case. There is nothing in them that could be reasonably construed as improper in any way, much less "intimidat[ing]" and "threaten[ing]," as Mr. Silver contends.[28] Instead, Mr. Silver appears to simply reject the magistrate judge's authority. He declares that he has not consented to the magistrate judge's jurisdiction and will "not comply" with "any orders and directives issued" by the magistrate judge.[29] "It is well established that adverse rulings alone cannot form the basis for a Section 144 disqualification."[30] For these reasons, Mr. Silver has not met his burden to demonstrate that the magistrate judge is not impartial.

## II. Recusal Under 28 U.S.C. § 455

Section 455 declares that "[a]ny . . . magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."[31] "The impartiality inquiry is an objective one that asks 'whether a reasonable person, knowing all the

---

[24] *Id.* at 3.
[25] *Id.*
[26] *See Johnson v. Reyna*, 57 F.4th 769, 775 (10th Cir. 2023).
[27] *Gardner v. Long*, No. 2:18-cv-00509, 2021 WL 2895208, at *1 (D. Utah Mar. 26, 2021).
[28] Mot. to Recuse 3.
[29] *Id.* at 2.
[30] *Gardner*, 2021 WL 2895208, at *1 (citing *Mitchell v. Maynard*, 80 F.3d 1433, 1449 (10th Cir. 1996)).
[31] 28 U.S.C. § 455(a).

4

relevant facts, would harbor doubts about the judge's impartiality.'"[32] "A judge has a continuing duty to recuse under § 455(a) if sufficient factual grounds exist to cause a reasonable, objective person, knowing all the relevant facts, to question the judge's impartiality."[33] The statute "is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice."[34] It should "not be so broadly construed that recusal is mandated 'upon the merest unsubstantiated suggestion of personal bias or prejudice.'"[35] "[C]ases within § 455(a) are extremely fact driven 'and must be judged on their unique facts and circumstances more than by comparison to situations considered in prior jurisprudence.'"[36]

There is no credible basis for a reasonable observer to doubt the magistrate judge's impartiality. Mr. Silver simply makes unsupported accusations of intimidation, threats, and interference with his rights, and asserts the magistrate judge's actions "have not been of good behavior."[37] But recusal hangs on whether a "reasonable *factual* basis exists for calling the judge's impartiality into question."[38] "Rumor, speculation, beliefs, conclusions, innuendo, suspicion, opinion," or "baseless personal attacks" "will not ordinarily satisfy the requirements for disqualification under § 455(a)[.]"[39] Mr. Silver's baseless accusations do not do so here. The court thus declines to recuse or disqualify the magistrate judge.

---

[32] *Gardner*, 2021 WL 2895208, at *2.
[33] *United States v. Pearson*, 203 F.3d 1243, 1277 (10th Cir. 2000); *see Cheney v. U.S. Dist. Ct. for D.C.*, 541 U.S. 913, 916 (2004).
[34] *Switzer v. Berry*, 198 F.3d 1255, 1258 (10th Cir. 2000) (quoting *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993)).
[35] *W. Watersheds Project*, 434 F. Supp. 3d at 1262 (quoting *Switzer*, 198 F.3d at 1258).
[36] *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995) (quoting *United States v. Jordan*, 49 F.3d 152, 157 (5th Cir. 1995)); *see Cheney*, 541 U.S. at 914.
[37] Mot. to Recuse 3.
[38] *Cooley*, 1 F.3d at 993.
[39] *Id.* at 993–94.

Finally, Mr. Silver's motion seeks to avoid assignment to yet another magistrate judge, and also lists other magistrate judges he finds acceptable.[40] This suggests that Mr. Silver is judge-shopping, identifying those judges he prefers and attempting to disqualify or avoid those he does not.[41] Litigants may not choose the judges to which their cases are assigned, assenting to some and refusing others.[42]

For the reasons stated above, Mr. Silver's motion is entirely without merit.

## ORDER

Accordingly, the court DENIES Plaintiff's Demand for Mandatory Recusal or Disqualification of Chief Magistrate Judge Dustin B. Pead.[43]

Signed April 10, 2023.

BY THE COURT

David Barlow
United States District Judge

---

[40] Mot. to Recuse 4.
[41] *See In re Taylor*, 417 F.3d 649, 652 (7th Cir. 2005) (refusing to endorse a "per se rule of disqualification" because it "would allow litigants to judge shop by filing a suit against the presiding judge.").
[42] *See* Mot. to Recuse 2 ("Plaintiff w[ill] not comply [with] any orders and directives issued by Chief Magistrate Judge Dustin B. Pead.").
[43] ECF No. 76.